UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN DAVID CROCKER, | Case No. 2:22-cv-00499-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| EL DORADO COUNTY SUPERIOR COURT, SOUTH LAKE TAHOE DIVISION, *et al.*, | |
| Defendants. | |

This case was opened when plaintiff filed a document styled as an application for removal of a criminal case from the El Dorado County Superior Court. ECF No. 1. Therein, plaintiff alleges that his civil rights were violated both when he was arrested in December 2021 and during criminal proceedings that followed. I construe plaintiff's filing as a complaint and recommend that it be dismissed under the *Younger* abstention doctrine.[1] I also recommend that plaintiff's

---

[1] Plaintiff asks that his state criminal case be removed pursuant to 28 U.S.C. § 1455. ECF No. 1 at 2. His filing, however, neither contains a short and plain statement of the grounds for removal nor does it appear to include a copy of all pleadings and orders from the state case, as required by 28 U.S.C. § 1455(a). Plaintiff does not name the State of California—the plaintiff in the state case—as a party; instead, the document's caption lists as defendants the El Dorado County Superior Court and several individuals. ECF No. 1 at 1. Furthermore, the filing asks, somewhat oddly, that the criminal proceedings be removed to the California Court of Appeal, Third Appellate District. *Id*. at 1-2. I find that plaintiff's filing should be construed as a civil complaint rather than as a notice of removal under 28 U.S.C. § 1455.

motion for a temporary restraining order be denied.  I grant his motion to proceed *in forma pauperis*.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's two-page complaint consists largely of legal conclusions and fails to specify how each named defendant violated his rights.  It appears from the limited factual allegations and the documents appended to the complaint that plaintiff seeks to challenge his December 2021 arrest and subsequent prosecution.  *See* ECF No. 1 at 2-3, 5-7, 23-24.  With respect to his arrest, plaintiff claims defendant Wiens, a South Lake Tahoe police officer, and three unidentified officers violated his constitutional rights by holding him against his will, unlawfully searching him, failing to provide him Miranda warnings, and subjecting him "to involuntary servitude

before [he] had been found guilty of a crime before a jury . . . ." *Id*. at 3.

Plaintiff further alleges that defendants Vern Pierson, the El Dorado County District Attorney, and Jay Linden, a Deputy District Attorney, unlawfully and maliciously filed a criminal complaint against him in February 2022, after stating "in open court that 'no complaint had been filed.'" *Id*. at 2. Plaintiff moved to dismiss the criminal complaint, but defendant Judge Michael McLaughlin allegedly denied the motions and "entered a plea for [plaintiff] over [his] objections." *Id*. Plaintiff contends that the state criminal proceedings "should be removed from the Quasi Tribunal Known as: Superior Court of California, County of El Dorado . . . pursuant to 28 U.S.C. § 1455." *Id*.

Plaintiff's complaint cannot proceed past screening. As an initial matter, four of the defendants—the El Dorado Superior Court, Judge Michael McLaughlin, District Attorney Vern Pierson, and Deputy District Attorney Jay Linden—are entitled to immunity. *See Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that claims against the California Superior Court and its employees are barred by the Eleventh Amendment); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("The general rule . . . is that judges are immune from suit for judicial acts within and even in excess of their jurisdiction even if those acts were done maliciously or corruptly; the only exception to this sweeping cloak of immunity exists for acts done in 'the clear absence of all jurisdiction.'"); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.").

As for defendant Wiens and the three unidentified police officers, plaintiff provides no explanation of how each defendant's actions violated a specific constitutional right.[2] *See Jones v.*

---

[2] Plaintiff claims that he submitted a Freedom of Information Act ("FOIA") request to the Lake Tahoe Police Department seeking the names of the three identified officers, and that the department refused to provide the officers' names. ECF No. 1 at 3. To the extent that plaintiff intended to assert a FOIA claim in this action, it fails; plaintiff has not named the Lake Tahoe Police Department as a defendant, and FOIA applies only to federal agencies. 5 U.S.C. § 551(a); *see Alo v. Clovis Police Dep't*, No. 1:23-cv-00273-EPG 2023 WL 2413720, *2 (E.D. Cal. Feb. 28, 2023).

*Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

More fundamentally, plaintiff's allegations, as well as his recently filed motion for a temporary restraining order, indicate that criminal proceedings against him are ongoing. Under the *Younger*[3] abstention doctrine, federal courts are prohibited from enjoining state criminal prosecutions where: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021).

The first and second elements are satisfied here: (1) State criminal proceedings against plaintiff are ongoing and (2) implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). The third element is also met: Notwithstanding plaintiff's complaints concerning the denial of his motions by Judge McLaughlin, there is no indication that he does not have an adequate opportunity to raise in state court the same constitutional violations challenged here. As for the fourth factor, plaintiff's request for removal of the criminal case from the El Dorado County Superior Court would have the practical effect of enjoining the criminal proceedings against him.

Accordingly, *Younger* abstention applies, and plaintiff's complaint should be dismissed. Given that this court must abstain from considering plaintiff's claims and nothing short of changing the fundamentals of plaintiff's allegations could result in a viable complaint, I recommend that the dismissal be without leave to amend.[4] *Silva v. Di Vittorio*, 658 F.3d 1090,

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

[4] Once the state criminal proceedings conclude, plaintiff may, if he chooses, seek to litigate some or all of his claims in this district. With respect to his claims against the defendant police officers, plaintiff is notified it may be appropriate to pursue such claims in the other action

1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).  I also necessarily recommend that plaintiff's motion for a temporary restraining order be denied.  To obtain preliminary injunctive relief, a plaintiff must show, among other factors, a likelihood of success on the merits.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend under the *Younger* abstention doctrine.

2. Plaintiff's motion for a temporary restraining order, ECF No. 4, be denied.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

he has pending in this district—a case that is currently stayed pending resolution of state criminal proceedings.  *See Crocker v. City of South Lake Tahoe*, 2:22-cv-01099-JAM-AC (E.D. Cal. 2022) (alleging that South Lake Tahoe police officers used excessive force when arresting plaintiff in December 2022).

IT IS SO ORDERED.

Dated: __July 19, 2023__          _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE